**REESE LLP**
Michael R. Reese
*mreese@reesellp.com*
George V. Granade
*ggranade@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10001
Telephone: (212) 646-0500
Facsimile: (212) 253-4272


   -and -

**HALUNEN LAW**
Clayton Halunen
*halunen@halunenlaw.com*
Melissa W. Wolchansky
*wolchansky@halunenlaw.com*
Amy E. Boyle
*boyle@halunenlaw.com*
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile:  (612) 605-4099


*Counsel for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Antonia Bowring, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>SAPPORO U.S.A., INC.,<br><br>   Defendant. | Case No. 16-cv-01858-ILG-SMG<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Antonia Bowring ("Plaintiff"), files this amended class action complaint on behalf of herself and all others similarly situated against Sapporo U.S.A., Inc. ("Sapporo" or "Defendant"), and states as follows:

## INTRODUCTION

1.      This is a class action brought on behalf of consumers of Sapporo beer who have been led to believe that Sapporo is manufactured in and imported from Japan. Sapporo's marketing and sale of the beer misleads consumers by using the slogan "Japan's Oldest Brand" and marketing the beer as if it were imported from Japan. Sapporo also sells its beer at prices substantially higher than domestic beer, despite the fact that the beer is not from Japan, but rather is brewed in the United States or Canada.

## JURISDICTION, VENUE AND PARTIES

2.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed class and Defendant.

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendant caused harm to class members residing in this district.

4.      Defendant Sapporo is a New York corporation with its principal place of business at 19 West 44th Street, Suite 1410, New York, New York 10036.

1

## SUBSTANTIVE ALLEGATIONS
### The History of Sapporo Beer

5.      In 1869, the Meji government established a development commission on the northern Japanese Island, Kaitakushi.[1] In 1876, brew master, Seibei Nakagawa, was chosen to oversee the construction of a beer factory.[2] In September 1876, the Kaitakushi Brewery was completed.[3] In the following year, Sapporo Lager was created and distributed.[4]

6.      In 1886, the Sapporo Brewery Factory, as it was renamed, was sold to a private company, the Okura Trading Company.[5] In December of 1887, a group of entrepreneurs bought the factory from the Okura Trading Company, and established the Sapporo Beer Company.[6]

7.      During the turn of the twentieth century, there were several major breweries in Japan.[7] In 1906, the Japan Beer Brewery Company merged Sapporo, Japan, and Osaka breweries to form DaiNippon Beer Company Ltd.[8]

8.      In September 1949, the DaiNippon Beer Company Ltd. was divided into two companies, Nippon Breweries, Ltd. and the Asahi Breweries Ltd.[9] Nippon Breweries began its business by introducing a new brand name, Nippon Beer; however, as the

---

[1] http://www.sapporoholdings.jp/english/history/
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

demand for Sapporo beer continued, the company began distributing the beer again.[10] In January 1964, Nippon Breweries Ltd. changed its name to Sapporo Breweries, Ltd.[11]

26.     Although Sapporo beer was first brought to the United States in 1964, it was 1984 when Sapporo U.S.A., Inc. was established. [12] Sapporo quickly became the #1 selling Asian beer in the United States. Currently, there are three varieties of the brand—Sapporo Premium, Sapporo Reserve, and Sapporo Premium Light—sold across the country (collectively, "the Beer").[13]

**Sapporo is Marketed and Advertised as Being Imported from Japan**

27.     Imported beer is the fastest growing segment of the American beer market, nearly doubling in market share during the 1990s.[14]

28.     As stated above, Sapporo currently markets and sells three beers: Sapporo Premium Beer, Sapporo Reserve Beer, and Sapporo Premium Light. Sapporo Premium is sold in 12 and 22 ounce cans, and 12, 16, and 20.3 ounce bottles. Sapporo Reserve is sold in 22 ounce cans, and 12 ounce bottles. Sapporo Premium Light is sold in 12 ounce bottles.

29.     Although the company maintains the illusion that it is imported from Japan, all Sapporo Beer sold in the United States is brewed in North America in either La Crosse, Wisconsin or Guelph, Ontario. Despite these origins, Sapporo's marketing and advertising suggests that the Beer is imported from Japan. Sapporo's packaging uses the

---

[10] *Id.*

[11] *Id.*

[12] http://sapporobeer.com/about-us.html

[13] *Id.*

[14] http://www.theatlantic.com/business/archive/2014/04/the-state-of-american-beer/360583/ (last visited April 12, 2016).

North Star, which was initially a symbol of pioneers in the area of Sapporo.[15] More importantly, Sapporo uses the word "imported" on its label, misleading consumers to believe that the product is made in and imported from Japan. The image of the product is depicted below:



30.     These images were present on the packaging of Sapporo's Beer purchased by the Plaintiff and the Class.

31.     Most breweries proudly display the location where their products are brewed. Here, Defendant is misleading its customers to believe that Sapporo Beer is imported from Japan, not brewed North America.

32.     Defendant's misleading packaging and labeling is exacerbated by an overall marketing campaign, online and in advertisements that misleads the consuming

---

[15] http://sapporobeer.com/about-us.html

public to believe that the product is imported from Japan. For example, on its website, Defendant brags "Sapporo is the original Japanese beer."[16]

33.      In addition to misleading consumers in regards to the product's origin on its website, Defendant continues to mislead consumers with their slogan, "Sapporo – the Original Japanese Beer," which is used Defendant's product advertisements and commercials. In television commercials, Sapporo alludes to the Beer being imported with images of a Japanese landscape being traveled into American landscape, finishing with the Beer's slogan as "The Original Japanese Beer."[17]

34.      Restaurants in the United States that serve Sapporo Beer similarly represent it as being imported from Japan.  For example the following are from  menus from restaurants in New York and elsewhere in the United States:


**BEER**

**Asahi** On Tap From Japan, Dry Refreshing                 7

**Orion** From Okinawa, Light Bodied Refreshing            11

**Sapporo** Classic Japanese Lager                          6

**Kirin Light** Smooth Refreshing, Only 95 Calories         6

**Hitachino Nest Japanese Classic Ale** From Ibaraki        12
Japanese IPA, Taste of Cedar, Complex Spicy Hitachino[18]

---

[16] http://sapporobeer.com/
[17] https://vimeo.com/48828923
[18] http://momoyanyc.com/menus/upperwest.pdf  (emphasis added)

**SAPPORO**
*Imported*

Cold Beer 冷たいビール

Sapporo / Asahi (draft)
サッポロ生 - アサヒ
6

Sapporo / Asahi (large)
サッポロ - アサヒ
10

[19]

# Beer

- Sapporo Reserve (Japan) 22 oz          $7.25
- Sapporo Premium (Japan) 12 oz          $4.50

[20]

DRAFT/SEASONAL TAPS

FUNKY BUDDHA (Oakland Pk, FL) HOP GUN   7
India Pale Ale 7.7%

WAMP HEAD BREWERY (Gainesville, FL) Midnight Oil 7
Oatmeal Coffee Stout 5%

CIGAR CITY (Tampa, FL) FLORIDA CRACKER   7
Witbier 5%

RED CYPRESS (Winter Springs, FL) SPOOK HILL   7
Dry Hopped Pale Ale 5%

KIRIN ICHIBAN      6
American Pale Lager 5.0%

SAPPORO      6
Japanese Rice Lager 5%

---

[19] http://www.sushifix.net/#!beer/c1277
[20] http://www.floatingworldcafe.com/MidoriText/MidoriALCOHOLmenu.pdf



35.    Food markets and liquor stores also market Sapporo as being imported from Japan.  For example:



[21] http://shop.surdyks.com/beer/sapporo-draft-6pk.html

36.     Defendant's misrepresentations cause confusion among consumers, who believe they are purchasing beer imported from Japan that has been brewed with Japanese ingredients, when, in fact, there are purchasing beer brewed in North America.

37.     Defendants know that consumers are willing to pay more for imported beers that use non-domestic ingredients due to their perception that they are of better quality, and believe they are paying costs associated with importing the beer to the United States.

38.     As a result of these unfair and deceptive practices, Defendant has likely collected millions of dollars from the sale of Sapporo Beer that it would not have otherwise earned. Plaintiff and Class members paid money for Beer that is not what it purports to be or what they bargained for. They paid a premium for Sapporo Beer when they could have instead bought other, less expensive, domestic beer.

### Plaintiff's Experiences

39.     At all relevant times, Plaintiff resided in, and continues to reside in, New York, New York.  On several occasions during the Class Period, including, but not limited to, June-August of 2013; February, April, July and September-November of 2014; and, January, March and November of 2015, Plaintiff purchased Sapporo Beer at multiple locations in restaurants and food stores located in New York City.  At restaurants, Sapporo Beer was listed on the imported beer lists or was otherwise displayed as being imported or otherwise from Japan.  At food stores, Sapporo Beer was displayed in the imported beer section.  Plaintiff purchased Sapporo Beer in reliance on Defendant's representations contained on the packaging and elsewhere that the Beer was imported from Japan. Plaintiff has since learned that Sapporo Beer is not imported from

Japan, but rather made in North America. Plaintiff would not have purchased Sapporo Beer had she known that the Defendant's representations were false. Because of Defendant's misrepresentations and deceptive conduct, Plaintiff purchased Beer that had less value than what Plaintiff paid, and Plaintiff has accordingly suffered legally cognizable damages proximately caused by Defendant's misconduct. After learning the truth about Defendant's mislabeling of Sapporo Beer, Plaintiff decided to stop purchasing it. If the Products were accurately labeled, Plaintiff would continue purchasing them.

## CLASS ALLEGATIONS

40.     Plaintiff brings this action as a class action pursuant to Federal Rule of

Civil Procedure 23. Plaintiff seeks to represent the following classes:

> A.     The "New York Class," which consists of: All consumers within the State of New York who purchased Sapporo Beer during the period of April 15, 2010 to present ("Class Period") for their personal use, rather than for resale or distribution.   Excluded from the New York Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

> B.     The "Multi-State Class," which consists of: All consumers in  Alaska,  Arizona,  Arkansas,  California,  Colorado, Connecticut, Delaware, the District of Columbia, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, or Wyoming who purchased Sapporo Beer during the Class Period for their personal use, rather than for resale or distribution.  Excluded from the Multi-State Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

> C.     The "Nationwide Class," which consists of: All consumers in  the  United  States  and  its  territories  who  purchased Sapporo Beer during the Class Period for their personal use, rather than for resale or distribution.  Excluded from the Nationwide Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

(collectively referred to as the "Class").

41.     The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

A.     <u>Numerosity</u>: The members of each class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is presently unknown to Plaintiff, based on Defendant's volume of sales, Plaintiff estimates that each class numbers in the thousands.

B.     <u>Commonality</u>: There are questions of law and fact that are common to the Class members and that predominate over individual questions.  These include the following:

    i.     Whether Defendant misrepresented to the Class members that Sapporo Beer is imported from Japan;

    ii.     Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

    iii.     Whether Defendant's labeling, marketing, and sale of Sapporo Beer constitutes an unfair, unlawful, or fraudulent business practice;

    iv.     Whether Defendant's labeling, marketing, and sale of Sapporo Beer constitutes false advertising;

    v.     Whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

    vi.     The appropriate remedies for Defendant's conduct.

C.     <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class members because Plaintiff suffered the same injury as the Class members by nature of their purchases of Sapporo Beer based on Defendant's misrepresentations that Sapporo Beer is imported from Japan.

D.     <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the members of each class.  Plaintiff does not have any

11

interests that are adverse to those of the Class members.  Plaintiff has retained competent counsel experienced in class action litigation and intends to prosecute this action vigorously and have the financial means of doing so.

E.    Superiority: A class action is superior to other available methods for the efficient adjudication of this controversy.  Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged, while an important public interest will be served by addressing the matter as a class action.

42.    The prerequisites for maintaining a class action for injunctive or equitable relief pursuant to Federal Rule of Civil Procedure 23 (b)(2) are met because Defendant has acted or refused to act on grounds generally applicable to each Class member, thereby making appropriate final injunctive or equitable relief with respect to each class as a whole.

43.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## RULE 9(b) ALLEGATIONS

44.     Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

45.     WHO: Defendant Sapporo, U.S.A., Inc.

46.     WHAT: Defendant made material misrepresentations regarding Sapporo Beer.   Specifically, Defendant represented to consumers, through the marketing and packaging of Sapporo Beer, that Sapporo is brewed in and imported from Japan.   These representations are false and misleading, and are material to consumers in making a purchasing decision, because Sapporo Beer is not brewed in or imported from Japan.

47.     WHEN: Defendant made the material misrepresentations, omissions, and non-disclosures detailed herein continuously at every point of purchase and consumption throughout the Class Period.

48.     WHERE: Defendant's material misrepresentations, omissions, and non-disclosures detailed herein were made, *inter alia*, on the labels and packaging of the Products.

49.     WHY: Defendant engaged in the material misrepresentations, omissions, and non-disclosures detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a premium for Sapporo Beer based on the belief that Sapporo Beer is imported from Japan.   Defendant profited by selling the Products to thousands of unsuspecting consumers.

## FIRST CAUSE OF ACTION
### (Violations of New York General Business Law § 349 – on Behalf of the New York Class and Nationwide Class)

50.     Plaintiff incorporates by reference the allegations set forth above.

51.     Plaintiff brings this claim on behalf of herself, on behalf of the New York Class, and on behalf of the Nationwide Class pursuant to New York General Business Law § 349 ("GBL 349").

52.     GBL 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York]."

53.     As fully alleged above, by advertising, marketing, distributing, and selling Sapporo Beer with claims that it was of Japanese origin and using the other representations identified in detail above, to Plaintiff, the New York Class members, and the Nationwide Class members, Defendant engaged in, and continues to engage in, deceptive acts and practices because Sapporo Beer, in fact, is not of Japanese origin.

54.     Plaintiff, the New York Class members, and the Nationwide Class members seek to enjoin such unlawful, deceptive acts, and practices described above. Each of the New York Class members and Nationwide Class members will be irreparably harmed unless the Court enjoins Defendant's unlawful, deceptive actions in that Defendant will continue to falsely and misleadingly advertise Sapporo's Beer as being of Japanese origin.

55.     Plaintiff, the New York Class members, and the Nationwide Class members believed Defendant's representations that the beer they purchased was from Japan.  Plaintiff, the New York Class members, and the Nationwide Class members would not have purchased Sapporo Beer had they known it was not actually from Japan.

56.     Plaintiff, the New York Class members, and the Nationwide Class members were injured in fact and lost money as a result of Defendant's conduct of improperly marketing Sapporo Beer as Japanese in origin. Plaintiff, the New York Class members, and the Nationwide Class members paid for imported beer, but did not receive such beer.

57.     The beer Plaintiff, the New York Class members, and the Nationwide Class members received was worth less than the beer for which they paid.  Plaintiff, the New York Class members, and the Nationwide Class members paid a premium price on account of Defendant's misrepresentations that Sapporo Beer is of Japanese origin.

58.     By reason of the foregoing, Defendant's conduct, as alleged herein, constitutes deceptive acts and practices in violation of GBL 349, and Defendant is liable to Plaintiff, the New York Class members, and the Nationwide Class members for the actual damages that they have suffered as a result of Defendant's actions.  The amount of such damages is to be determined at trial, but will not be less than $50.00.  N.Y. Gen. Bus. Law § 349(h).


59.     Plaintiff, the New York Class members, and the Nationwide Class members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief prohibiting Defendant from continuing to disseminate its false and misleading statements, and other relief allowable under GBL 349.

60.     THEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
## (Violations of New York General Business Law § 350 – on Behalf of the New York Class and Nationwide Class)

61.     Plaintiff incorporates by reference the allegations set forth above.

62.     Plaintiff brings this claim on behalf of herself, on behalf of the New York Class, and on behalf on the Nationwide Class, pursuant to the New York General Business Law § 350 ("GBL 350").

63.     GBL 350 makes "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service" in New York unlawful.

64.     Under GBL 350, the term "false advertising" means, in relevant part, "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."  N.Y. Gen. Bus. Law § 350-a(1).

65.     As fully alleged above, by advertising, marketing, distributing, and/or selling Sapporo's Beer with claims that it is of Japanese origin, and using the other representations identified above, to Plaintiff, the New York Class members, and the Nationwide Class members, Defendant violated GBL 350 by engaging in, and it continues to violate GBL 350 by continuing to engage in, false advertising concerning the composition of Sapporo's Beer, which is, in fact, not from Japan, as alleged above.

66.     Plaintiff, the New York Class members, and the Nationwide Class members seek to enjoin such unlawful acts and practices as described above.  Each of the New York Class members and Nationwide Class members will be irreparably harmed unless the Court enjoins Defendant's unlawful actions, in that Plaintiff, the New York Class members, and the Nationwide Class members will continue to be unable to rely on Defendant's representations that Sapporo's Beer is from Japan.

67.     Plaintiff, the New York Class members, and the Nationwide Class members believed Defendant's representations that the Sapporo's Beer is of Japanese origin.  Plaintiff, the New York Class members, and the Nationwide Class members would not have purchased Sapporo's Beer had they known the beer is not, in fact, from Japan, as alleged in detail above.

68.     Plaintiff, the New York Class members, and the Nationwide Class members were injured in fact and lost money as a result of Defendant's conduct of improperly marketing Sapporo's Beer as being from Japan.  Plaintiff, the New York Class members, and the Nationwide Class members paid for beer that was of Japanese origin, but did not receive such beer.

69.     The products Plaintiff, the New York Class members, and the Nationwide Class members received were worth less than the Products for which they paid. Plaintiff, the New York Class members, and the Nationwide Class members paid a premium price on account of Defendant's misrepresentations that Sapporo's Beer is of Japanese origin.

70.     Plaintiff, the New York Class members, and the Nationwide Class members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief, enjoining Defendant from continuing to disseminate its false and misleading statements, and all other relief allowable under GBL 350.

71.     THEREFORE, Plaintiff prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Negligent Misrepresentation– on Behalf of the New York Class and Nationwide Class)**

72.     Plaintiff incorporates by reference the allegations set forth above.

73.     Defendant has represented to the public, including Plaintiff, by promoting, marketing, advertising, packaging, labeling, and other means, that its Sapporo Beer has characteristics and qualities that it does not have—specifically, that it is brewed in and imported from Japan.

74.     Defendant made the false representations herein alleged with the intention of inducing Plaintiff and the consuming public to purchase its Sapporo Beer.

75.     Plaintiff and other Class members believed and relied upon Defendant's promoting, marketing, advertising, packaging, and labeling of the Sapporo Beer and, in justifiable reliance thereon, purchased it.

76.     At the time Defendant made the misrepresentations herein alleged, Defendant had no reasonable grounds for believing the representations to be true.

77.     As a proximate result of Defendant's negligent misrepresentations, Plaintiff and the other Class members were induced to spend an amount to be determined by the Court or jury on Sapporo Beer manufactured, distributed, and sold by Defendant, and Plaintiff and the other Class members lost money by purchasing Sapporo Beer which was not what it was represented to be, was worth less than Plaintiff and the other Class members paid for the Sapporo Beer, and that Plaintiff and the other Class members would not have purchased but for the misrepresentations.

78.     THEREFORE, Plaintiff prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(Fraud – on Behalf of the New York Class and Nationwide Class)**

79.     Plaintiff incorporates by reference the allegations set forth above.

80.     As discussed above, Defendant provided Plaintiff, the New York Class members, and the Nationwide Class members with false or misleading material information and failed to disclose material facts about Sapporo's Beer, including, but not limited to the claims regarding the country of origin of Sapporo's Beer. These misrepresentations and omissions were made with knowledge of their falsehood.

81.     The misrepresentations and omissions made by Defendant, upon which Plaintiff, the New York Class members, and the Nationwide Class members reasonably and justifiably relied, were intended to induce and actually did induce Plaintiff, the New York Class members, and the Nationwide Class members to purchase the Products.

82.     The fraudulent actions of Defendant caused damage to Plaintiff, the New York Class members, and the Nationwide Class members, who are entitled to damages and other legal and equitable relief as a result.

83.     THEREFORE, Plaintiff prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment, in the Alternative, - By the Nationwide Class)**

84.     Plaintiff incorporates by reference the allegations set forth above.

85.     Defendant received from Plaintiff and Class members benefits in the form of inflated profits related to Defendant's misrepresentations of Sapporo's Beer as imported and Japanese, when it is in fact brewed in North America.

86.     Defendant implemented procedures to mislead consumers into believing that Sapporo's Beer was imported from Japan, with Japanese ingredients. However, Sapporo's Beer is brewed in North America.

87.     Defendant collected money from Plaintiff and consumers, in excess of what Plaintiff would have paid for beer that was brewed domestically.

88.     This money directly benefited Defendant and was taken to the detriment of the consumers. Plaintiff believed he were paying for high quality Japanese ingredients and increased transportation and importation costs, when in reality Defendant was cutting costs and keeping the difference. Therefore, Defendant had the incentive to charge and collect unreasonably inflated prices for the Sapporo's Beer.

89.     Further, Defendant received financial benefits in the form of increased profits.

90.     As a result, Plaintiff and the Class members have conferred a benefit on Defendant.

91.     Defendant had knowledge of this benefit and voluntarily accepted and retained the benefit conferred on them.

92.     Defendant will be unjustly enriched if allowed to retain the aforementioned benefits, and each Class member is entitled to recover the amount by which the Defendant was unjustly enriched at his or her expense.

93.     THEREFORE, Plaintiff prays for relief as set forth below

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendant as follows:

A.  An order enjoining Defendant from continuing the unlawful practices set forth above;

B.  An order requiring Defendant to disgorge and make restitution of all monies Defendant acquired by means of the unlawful practices set forth above;

C.  Statutory and other damages;

D.  Compensatory damages according to proof;

E.  Reasonable attorneys' fees and costs of suit;

F.  Pre-judgment interest; and

G.  Such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff and the Class members request a jury trial for any and all Counts for which a trial by jury is permitted by law.

Dated: July 21, 2016             By:    **REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
*mreese@reesellp.com*
George V. Granade
*ggranade@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10001
Telephone: 212-646-0500

-and -

**HALUNEN LAW**
Clayton Halunen
*halunen@halunenlaw.com*
Melissa W. Wolchansky
*wolchansky@halunenlaw.com*
Amy E. Boyle
*boyle@halunenlaw.com*
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile:  (612) 605-4099

*Counsel for Plaintiff*
*and the Proposed Class*