# REESE LLP
<u>VIA ECF</u>                                          August 11, 2016
Honorable Magistrate Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers 1217
Brooklyn, New York 11201

      Re:    *Bowring v. Sapporo U.S.A., Inc.*, No. 1:16-cv-01858-ILG-SMG (E.D.N.Y.)

Dear Judge Gold:

      My firm, along with co-counsel, represents Plaintiff Antonia Bowring ("Plaintiff") in the above-referenced action against Sapporo U.S.A., Inc. ("Sapporo"). Pursuant to Local Civil Rules 37.3(c) and 6.4, we write in response to Sapporo's request for a pre-motion conference concerning Sapporo's proposed stay of discovery. (*See* Letter, Aug. 4, 2016, ECF No. 29 ("Ltr.").) For the reasons below, Sapporo will not be able to carry its burden of showing good cause exists to stay discovery.

I.      **Sapporo's Proposed Motion to Stay Discovery Will Not Succeed**

      "***The party seeking a stay of discovery bears the burden of showing good cause***." *Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). "Good cause 'requires a showing of facts militating in favor of the stay.'" *In re Currency Conversion Fee Antitrust Litig.*, No. M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (citation omitted). Here, Defendant has failed to meet this demanding burden.

      Essentially, Defendant argues that its motion to dismiss is the reason why a stay should be granted. This is wrong. "[D]istrict courts in this Circuit have often found that a defendant's motion to dismiss does not, by itself, provide 'good cause' for staying discovery." *Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*, No. 14CV3307ADSAKT, 2015 WL 7756122, at *2 (E.D.N.Y. Dec. 1, 2015); *see also Bachayeva v. Americare Certified Special Servs., Inc.*, No. 12-CV-1466 RRM SMG, 2013 WL 4495672, at *4 (E.D.N.Y. Aug. 20, 2013) ("It is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is by no means automatic.").

      "In considering whether a stay is appropriate, courts consider [1] whether the motion appears to have substantial grounds, [2] the breath of discovery and the burden of responding to it, and [3] the unfair prejudice to the party opposing the stay." *Bachayeva*, 2013 WL 4495672, at *4. Plaintiff addresses each factor below.[1]

---

[1] Contrary to Sapporo's assertion, Plaintiff does not bear the burden of showing unfair prejudice would outweigh the defendant's burden in responding to discovery. *Mirra*, 2016 WL 889559, at *3 ("[T]he plaintiff has no burden on this motion [to stay discovery]."). Indeed, in *Chesney v. Valley Stream Union Free School District No. 24*, 236 F.R.D. 113 (E.D.N.Y. 2006), which Sapporo cites, the plaintiff did not even oppose a discovery stay. *Id.* at 116.

### A.     Sapporo Is Unlikely to Succeed on Its Motion to Dismiss

Sapporo's proposed motion, if allowed by the court, will not satisfy the first factor because Sapporo will not be able to make a strong showing that the Court will grant its motion to dismiss. Sapporo suggests the first factor only requires it to demonstrate its motion to dismiss does "not appear to be without foundation in law." (Ltr. 2.) However, a motion to dismiss that merely "shows merit" or that is "not without foundation in law" is insufficient to justify a stay. *Mirra*, 2016 WL 889559, at *2 (rejecting "shows merit" standard). Instead, Sapporo must make "a strong showing that [Plaintiff's] claim is unmeritorious." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013). Sapporo will not be able to satisfy this standard.

Each of the arguments Sapporo makes in its motion to dismiss is akin to that made as a summary judgment motion and requires fact-specific analysis based on various factors. Consequently, Sapporo will be unable to make a strong showing that dismissal is appropriate, especially at the motion to dismiss stage without discovery. *Mirra*, 2016 WL 889559, at *2. Additionally, Sapporo's citation to documents outside of the Amended Complaint renders its motion improper for a motion to dismiss.

As Plaintiff's opposition will detail, Plaintiff has alleged actionable misrepresentations, since the marketing at issue misleads consumers into believing the beer is imported from Japan, when it is not. Sapporo's disclosures on the back of the product label in small print indicating the beer is brewed in Wisconsin or Canada are insufficient to rectify its front label misrepresentations. *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008); *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955, at *16 (E.D.N.Y. July 21, 2010). Additionally, Plaintiff's allegations give rise to the reasonable inference that Sapporo is responsible for the marketing of its beer at restaurants and food stores. (*See* Am. Compl. ¶¶ 34–35, ECF No. 21.)

Sapporo's representations at issue do not qualify for safe harbor protection under New York General Business Law section 349(d) or 350-d because neither safe harbor protects false and misleading marketing. *See Singleton v. Fifth Generation, Inc.*, No. 515CV474BKSTWD, 2016 WL 406295, at *3–8 (N.D.N.Y. Jan. 12, 2016); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *22 (E.D.N.Y. Aug. 29, 2013) ("Compliance with regulations does not immunize misconduct outside the regulatory scope.").

The Amended Complaint satisfies Federal Rule of Civil Procedure 9(b) because it: (i) specifies the representations Plaintiff contends are fraudulent, including but not limited to the North Star symbol, the word "Imported," and the slogan "The Original Japanese Beer" (Am. Compl. ¶¶ 1, 29, 33); (ii) identifies the speaker (Sapporo); (iii) states when and where Sapporo made the representations (during the period of April 15, 2010, to the present, on the product packaging, in marketing, and online (*id.* at ¶¶ 1, 29–30, 32–35, 39, 40)); and (iv) explains why the statements are fraudulent (*i.e.*, despite the illusion Sapporo's representations create that Sapporo beer is imported from Japan, the beer is not imported from Japan (*id.* at ¶¶ 1, 29–39)). *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 452, 465–66, 471–72, 474, 476 (E.D.N.Y. 2013).

Plaintiff has plausibly alleged a "special relationship" to support a claim for negligent misrepresentation because she has sufficiently alleged justifiable reliance on Sapporo's representations. *Suez Equity Inv'rs, L.P. v. Toronto Dominion Bank*, 250 F.3d 87, 104 (2d Cir.

2001) ("special relationship" inquiry is a fact question). Finally, Plaintiff may plead unjust enrichment in the alternative. *Huang v. iTV Media, Inc.*, 13 F. Supp. 3d 246, 261 (E.D.N.Y. 2014); FED. R. CIV. P. 8(d)(2).

### B. Discovery Will Not Be Unnecessarily Burdensome

Sapporo's proposed motion will not satisfy the second factor. Sapporo argues that responding to Plaintiff's discovery requests will likely require "review and production of tens of thousands of documents, including voluminous emails," as well as fact depositions and expert discovery. (Ltr. 3.) However, in consumer class actions, such discovery is not unusual; it cannot alone establish good cause. *Mirra*, 2016 WL 889559, at *2 ("That the plaintiff made 119 document demands, by itself, does not demonstrate that the plaintiff's document requests are voluminous and burdensome, since that is not an unusual number of requests in an action such as this one.").

Sapporo cites *Niv v. Hilton Hotels Corp.*, No. 06 CIV. 7839 (PKL), 2007 WL 510113 (S.D.N.Y. Feb. 15, 2007), for the proposition that "translation, review, and production" of documents written in a foreign language is burdensome (Ltr. 3); however, *Niv* does not stand for this proposition. In *Niv*, the defendant moved to stay all discovery not related to its pending motion to dismiss on grounds of *forum non conveniens*. *Niv*, 2007 WL 510113, at *1. If the court granted dismissal, the plaintiffs anticipated refiling in the Middle East. *Id.* at *2. The court stated that full merits discovery was "likely to result in avoidable inefficiencies and pointlessly duplicative efforts" because "the forum in which the case is ultimately litigated will dictate the translation requirements, and likely the translations necessary for litigation in this forum will differ from those needed in the Middle East" and litigation in the Middle East would require re-review of the same documents, "presumably with different considerations." *Id.* at *2. Contrary to Sapporo's statement, the court did not find that translation, review, and production alone were burdensome.

### C. There Is a Strong Risk of Unfair Prejudice to Plaintiff

Plaintiff and the putative class members will be unduly prejudiced by delay in discovery. The Second Circuit has recognized that delay exacerbates the risk that claims will become stale as witnesses' memories will fade and evidence will be lost. *DeWeerth v. Baldinger*, 836 F.2d 103, 109 (2d Cir. 1987); *see also Bachayeva*, 2013 WL 4495672, at *5 (stating that "with the continued passage of time memories fade, evidence becomes stale, and the effort to identify and include potential class plaintiffs becomes more difficult"). Absent good cause for a stay, the case should proceed expeditiously. FED. R. CIV. P. 1.

## II. Conclusion

Defendant cannot not satisfy the high burden to show that discovery should not proceed in the normal course. Accordingly, Plaintiff respectfully requests that the Court deny Sapporo's request for permission to file a motion requesting a discovery stay.

Respectfully submitted,

Michael R. Reese

cc: All counsel of record, via ECF