UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ANTONIA BOWRING, individually and on
behalf of all others similarly situated,

                            Plaintiff,

     - against -

SAPPORO U.S.A., INC.,

                            Defendant.
---------------------------------------------------------x

MEMORANDUM AND ORDER

16-CV-1858 (ILG) (SMG)

GLASSER, Senior United States District Judge:

## INTRODUCTION

      This action concerns Sapporo, a popular beer distributed in the United States by the Defendant, Sapporo U.S.A. Inc. Plaintiff Antonia Bowring alleges that the Defendant has created a misleading impression that Sapporo beer is a Japanese import, when in fact, it is produced in the United States and Canada. Plaintiff submits that the Defendant has likely collected "millions of dollars . . . that it would not have otherwise earned" because consumers "paid money for [b]eer that is not what it purports to be or what they bargained for." ECF 21 ("Amended Complaint") at ¶ 46, 38. Ms. Bowring brings this action on behalf of herself and a proposed class of similarly situated Sapporo consumers, asserting claims for (i) deceptive business practices under the New York General Business Law ("N.Y. G.B.L.") § 349; (ii) deceptive advertising under N.Y. G.B.L. § 350; (iii) negligent misrepresentation; (iv) fraud; and (v) unjust enrichment. She asserts jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). Pending now before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion is GRANTED.

1

## FACTUAL BACKGROUND

The following facts are drawn from the Amended Complaint (hereinafter "Compl.") unless otherwise noted. ECF 21. Sapporo beer was originally brewed in Japan in 1877, and first imported to the United States in 1964. Compl. at ¶¶ 5, 26. In 1984, Defendant Sapporo Inc. was established in the United States. Id. at ¶ 26. Today, three varieties of Sapporo—Premium, Reserve, and Premium Light—are distributed in the United States by the Defendant. All Sapporo now sold in the United States is brewed in La Cross, Wisconsin, or Guelph, Ontario, Canada. Id. at ¶¶ 5-8, 26, 29.

Within the United States, Defendant markets its beer using the following advertisements and slogans:

- A television commercial with imagery of a "Japanese landscape being traveled into American landscape," ending with the slogan "The Original Japanese Beer;"
- Slogans "Sapporo – the Original Japanese Beer" and "Japan's Oldest Brand;"
- Statement on Defendant's website that "Sapporo is the original Japanese beer;"
- Image of the North Star, a "symbol of pioneers in the area of Sapporo" on labels.[1]

Id. ¶ 1, 29, 32-33. In addition, those beers produced in Canada and sold in the United States include the word "Imported" on the front label. Each imported can or bottle also adds the following text: "Imported by Sapporo U.S.A. Inc., New York, NY" followed by "Brewed and canned [or bottled] by Sapporo Brewing Company, Guelph, Ontario, Canada." The text appears in darker contrasting font on the front label for bottles and on the side or back of cans. The labels for those beers brewed in Wisconsin do not use the word "Imported," and include the following statement on the front, back, or side of the container: "Brewed and Bottled [or Canned] by

---

[1] The North Star is a registered trademark approved by the United States Patent and Trademark Office. See ECF 24 ("Kratenstein Decl.") Ex. 21.

Sapporo Brewing Company, La Cross, WI for Sapporo U.S.A., New York NY" in visible, contrasting print. See Compl. ¶ 29; Kratenstein Decl. Exs. 1-17.

Plaintiff alleges that independent stores and restaurants display Sapporo in the "imported beer section" and on "imported beer lists." Id. ¶ 39. The Amended Complaint excerpts several menus listing the beer as, for example, "Sapporo Japanese Rice Lager 5%," and "Sapporo (Japan)." Id. at ¶ 34. Additionally, Plaintiff submits a webpage for Surdyk's Liquor and Cheese Shop in Minneapolis, Minnesota selling six bottles of Sapporo for $8.79, along with the text: "Sapporo Draft 6pk bottles from Japan." Id. at ¶ 35. Ms. Bowring purchased Sapporo from such stores and restaurants in New York on multiple occasions between June 2013 and November 2015. Id. at ¶ 39. Not divulged, however, are the quantities, varieties, sizes, or prices of the beer she purchased. She submits the beer she obtained was of a lesser value than the imported Japanese beer she believed she was purchasing. Id. After learning "the truth about Defendant's mislabeling of Sapporo Beer," Ms. Bowring stopped purchasing it. Id. In the future, she would continue purchasing Sapporo if the products were "accurately labeled." Id.

## I. Facts outside the Complaint

Defendant seeks the Court's notice of the following: (1) complete labels for each variety of Sapporo beer; (2) Certificates of Label Approval ("COLA") issued by the United States Alcohol and Tobacco Tax and Trade Bureau ("TTB") for each label; (3) TTB webpages describing the Bureau's responsibilities; (4) United States Patent and Trademark Office registrations of Sapporo's North Star trademark; and (5) Sapporo Inc.'s federal and state wholesaler and importer permits. See Kratenstein Decl. Exs. 1 – 25. Rule 201(b)(2) of the Federal Rules of Evidence provides that a court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court must take judicial notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid.

3

201(c)(2). The documents are suitable for judicial notice, and the parties do not dispute their accuracy or authenticity. The Defendant's motion for judicial notice is therefore GRANTED.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true" to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citation omitted). In deciding a motion to dismiss, a court accepts the non-moving party's factual allegations as true and draws all reasonable inferences in its favor. Ruotolo v. City of N.Y., 514 F.3d 184, 188 (2d Cir. 2008).

## DISCUSSION

### I. New York State Law Claims

Plaintiff alleges violations of New York General Business Law §§ 349 and 350, which prohibit "deceptive acts or practices" and "false advertising" in the conduct of any business, trade, or commerce in New York. To assert a claim under either section, a plaintiff must establish that the defendant engaged in consumer oriented conduct that is materially misleading, and plaintiff was injured as a result of the deceptive act or practice. See Sitt v. Nature's Bounty, Inc., No. 15-CV-4199 (MKB), 2016 WL 5372794, at *7 (E.D.N.Y. Sept. 26, 2016) (citation omitted). To prove conduct was materially misleading, a plaintiff must demonstrate that it would mislead "a reasonable consumer acting reasonably under the circumstances." Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (citation omitted). This reasonable consumer inquiry is factual and in most instances, not resolved at the motion to dismiss stage. However, a court may

4

determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. See Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013) (citation omitted). In so doing, "[c]ourts view each allegedly misleading statement in light of its context . . . [t]he entire mosaic is viewed rather than each tile separately." Belfiore v. Procter & Gamble Co., 311 F.R.D. 29, 53 (E.D.N.Y.), reconsideration denied, 140 F. Supp. 3d 241 (E.D.N.Y. 2015) (internal quotation marks omitted) (citation omitted).

Clear disclaimers inform the inquiry into whether a reasonable consumer would be misled by the defendant's conduct. In evaluating the efficacy of such a disclaimer, courts consider factors such as the font size, placement, and emphasis. Delgado v. Ocwen Loan Servicing, LLC, No. 13-CV-4427 NGG RML, 2014 WL 4773991, at *8 (E.D.N.Y. Sept. 24, 2014). Courts routinely conclude that the presence of a disclaimer, considered in context, precludes the finding that a reasonable consumer would be deceived by the defendant's conduct. See e.g. Fermin v. Pfizer Inc., No. 15 CV 2133 (SJ) (ST), 2016 WL 6208291, (E.D.N.Y. Oct. 18, 2016) (granting motion to dismiss a complaint alleging consumer deception by way of "excessive empty space" in Advil containers, where the label clearly displayed the number of pills and "[i]t defies logic to accept that a reasonable consumer would not rely upon the stated pill count"); Forschner Grp., Inc. v. Arrow Trading Co. Inc., 30 F.3d 348, 351-355 (2d Cir. 1994) (holding that use of the phrase "Swiss Army" to label knives manufactured in China did not violate false advertising provisions of the Lanham Act, as the phrase was not "geographically descriptive" where the knives were clearly labeled "Made in China"); Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc., 653 F.3d 241, 252- 253 (3d Cir. 2011) (explaining that even if the phrase "Havana Club" on a bottle of rum could suggest the product's origin in Cuba, "those same words

5

cannot mislead a reasonable consumer" presented with an "accurate, unambiguous statement" on the label that the rum is "distilled and crafted in Puerto Rico").

A Southern District of California case is illustrative here. In Dumas v. Diageo PLC, plaintiffs alleged that defendant misled consumers to believe its Pennsylvania-brewed "Red Stripe" beer was brewed in Jamaica. Red Stripe beer was historically brewed in Jamaica, but had since moved production to Pennsylvania, where it continued to use a logo previously associated with the Jamaican brewery. Dumas v. Diageo PLC, No. 15CV1681 BTM (BLM), 2016 WL 1367511, at *4 n. 4 (S.D. Cal. Apr. 6, 2016). Marketing for the beer included the slogans "Jamaican Style Lager" and "The Taste of Jamaica," with the statement "For over 80 years…Red Stripe has embodied the spirit, rhythm, and pulse of Jamaica and its people." In small, contrasting white print at the label's edge, the bottles disclosed "Brewed & bottled by Red Stripe Beer Company Latrobe, PA." Id. at *3. The court considered the labels and marketing in conjunction with the disclosure statement, and concluded that "a reasonable customer would not be misled" regarding the beer's origin in Pennsylvania. Dumas, 2016 WL 1367511, at *3, 5.

Based in part on these precedents, Defendant argues the Amended Complaint should be dismissed because Plaintiff has not established its conduct would mislead a reasonable consumer. In support of its argument, Defendant submits the following: Sapporo accurately and clearly discloses the product origin in either Wisconsin, USA or Ontario, Canada on its labels; those products labeled "Imported" are in fact imported from Canada; use of alleged Japanese imagery and the trademarked North Star symbol are not misrepresentations, but a tribute to the history and heritage of the company; and Sapporo labels do not include the word "Japan." ECF 23 at pp. 11-20.  Plaintiff does not dispute that the beer's origin is disclosed on each can or bottle of Sapporo, although she takes issue with its appearance in "very small font." ECF 38 at p. 5.

6

Plaintiff, relies on Ackerman v. Coca-Cola Co., No. 09 CV 395 DLI RML, 2013 WL 7044866, at *4 (E.D.N.Y. July 18, 2013) to dispute the premise that disclosure statements on the backs or sides of labels "can disclaim misrepresentations on the front." ECF 38 at p. 2. In Ackerman, plaintiffs challenged Coca-Cola's "vitaminwater" product, alleging it misled consumers to believe the beverage was comprised of vitamins and water, obscuring its significant sugar content. Defendant moved to dismiss on the basis that the sugar content was disclosed on the nutrition label. The court evaluated the nutrition label in the context of the defendant's conduct, including slogans such as "vitamins + water = what's in your hand," as well of the name of the product itself. Id. at *15. The court concluded that the sugar content disclosure on the nutrition label "[did] not eliminate the possibility that reasonable consumers may be misled" regarding its contents. Id. at *16.

In the present case, Sapporo discloses its product origin in a standalone statement, unlike the line listing the sugar content on the vitaminwater nutrition label. Unlike the slogan "vitamins + water = what's in your hand," Sapporo's use of the term "Imported" is a truthful statement, and qualified by the visible disclosure statement specifying the beer's origin in Canada. Sapporo's marketing and slogans allude to the company's actual Japanese heritage and are clearly qualified by the disclaimer.[2]

Considering each allegedly misleading statement and Sapporo's marketing as a whole, the Court concludes that the Defendant's conduct would not mislead a reasonable consumer. The use of a trademarked star symbol and allusion to the company's historic roots in Japan are

---

[2] Plaintiff's argument based on Marty v. Anheuser-Busch Companies, LLC, 43 F. Supp. 3d 1333 (S.D. Fla. 2014) is similarly distinguishable, and is not binding on this Court. See Marty at 1341-1342 (denying motion to dismiss consumer protection claim where Beck's beer, originating from Germany but later produced in Missouri, used slogans including "Brewed under the Germany Purity Law of 1516" coupled with a vague disclaimer in white font on a silver background making it physically "difficult to read").

7

eclipsed by the accurate disclosure statement. Unlike the cases cited by Plaintiff, the disclosure statement on Sapporo appears in contrasting, visible font, and states in clear language where the product is produced. Because the Court finds that the Defendant's conduct would not mislead a reasonable consumer, the Court grant's Defendant's motion to dismiss Plaintiff's claims brought under N.Y. G.B.L. §§ 349 and 350. [3]

## II. Common Law Claims

Plaintiff's claims for fraud, negligent misrepresentation, and unjust enrichment similarly arise from the Defendant's alleged misrepresentations of the origins of its product. These claims are subject to Fed. R. Civ. P. 9(b)'s particularity pleading requirement.

### a. Fraud, Negligent Misrepresentation

To state a claim for fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false . . ." Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 402 (2d Cir. 2015). Similarly, to allege a negligent misrepresentation claim, a complaint must establish that "(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect . . ." Hydro Inv'rs, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 20 (2d Cir. 2000). As the Court concluded above, Defendant's conduct did not misrepresent the product origin, as required for liability in both the fraud and negligent misrepresentation claims here. Further, Plaintiff has not alleged facts, taken as true, that suggest the Defendant influenced third party retailers' representations of its product as Japanese, and in doing so "intended the misrepresentation to be conveyed to [the plaintiff]."

---

[3] The Court dismisses the Complaint on grounds that the Defendant has not engaged in actionable misrepresentation. This opinion need not address Defendant's additional arguments regarding the safe harbor provisions of the N.Y. G.B.L., and the Plaintiff's standing to seek injunctive relief.

Turtur v. Rothschild Registry Int'l, Inc., 26 F.3d 304, 310 (2d Cir. 1994). Because Plaintiff has not established misrepresentation by the Defendant, the motion to dismiss her claims for fraud and negligent misrepresentation is GRANTED.

### b. Unjust Enrichment

Plaintiff submits she may plead her unjust enrichment claim in the alternative. Plaintiff's unjust enrichment claim relies on the same facts as her other causes of action in tort. Because this claim is duplicative, it is dismissed. See generally Burton v. Iyogi, Inc., No. 13-CV-6926 DAB, 2015 WL 4385665 (S.D.N.Y. Mar. 16, 2015) (describing the possibility of pleading unjust enrichment, an equitable remedy, in the alternative to a breach of contract claim).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Amended Complaint is GRANTED with prejudice.

SO ORDERED.


Dated:          Brooklyn, New York
                February 10, 2017


                                              ___/s/_____
                                              I. Leo Glasser
                                              Senior United States District Judge

9